IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HUGO ROSSI & MARY JANE ROSSI, h/w: <br> 132 Carter Road <br> Princeton, NJ 08540 <br> and <br> LUCIA ROSSI <br> 26 Henry Road <br> Princeton, NJ 08540 <br> and <br> MARIA PIRONE <br> 26 Henry Road <br> Princeton, NJ 08540 <br> and <br> ANTONIO MATTICOLI & LUISA MATTICOLI, h/w <br> 2 Langley Road <br> Kendall Park, NJ 08824 <br>           Plaintiffs <br>    v. <br><br> HILLSIDE VALLEY TRUST <br> 128 E. 7th Street <br> Plainfield, NJ 07060 <br> and <br> CONNOLLY PROPERTIES, INC. <br> 128 E. 7th Street <br> Plainfield, NJ 07060 <br> and <br> HILLSIDE VALLEY, LP <br> 510-8 E. Mossner Street <br> Allentown, PA 18109 <br> and <br> HILLSIDE VALLEY MANAGEMENT, LLC <br> 510-8 E. Mossner Street <br> Allentown, PA 18109 <br> and <br> DAVID CONNOLLY <br> 106 Stanie Brae Drive <br> Watchung, NJ 07069 <br>           Defendants | CIVIL ACTION <br><br> NO. <br><br><br><br><br><br> **JURY TRIAL DEMANDED** |

## CIVIL ACTION-COMPLAINT

Plaintiffs, by counsel, Steven D. Janel, Esquire, hereby bring this Civil Action Complaint and aver as follows:

### NATURE OF ACTION

1. This is a federal question action brought by the Plaintiffs for damages sustained as

a result of $350,000.00 of their deposit funds which were to be held in escrow and utilized for the purpose of specifically defined securities being misappropriated by Defendant David Connolly and Defendant Connolly Properties, Inc., to the benefit of all Defendants and the detriment of the Plaintiffs.

## PARTIES

2. Plaintiffs Hugo Rossi and Mary Jane Rossi are individuals, husband and wife, citizens of the State of New Jersey, and reside at the above-captioned address.

3. Plaintiff Lucia Rossi is an individual, a citizen of the State of New Jersey, and resides at the above-captioned address.

4. Plaintiff Maria Pirone is an individual, a citizen of the State of New Jersey, and resides at the above-captioned address.

5. Plaintiffs Antonio Matticoli and Luisa Matticoli are individuals, husband and wife, citizens of the State of New Jersey, and reside at the above-captioned address.

6. Defendant Hillside Investment Trust is a business entity, organized under the laws of the State of New Jersey, with its principal place of business located at the above-captioned address.

7. Defendant Connolly Properties, Inc. is a business entity, organized under the laws of the New Jersey, with its principal place of business located at the above-captioned address.

8. Defendant Hillside Valley, L.P., is a limited partnership, organized under the laws of the Commonwealth of Pennsylvania, with its principal place of business located at the above-captioned address.

9. Defendant Hillside Valley Management, LLC is a limited liability company, organized under the laws of the Commonwealth of Pennsylvania, with its principal place of business located at the above-captioned address.

10. Defendant David Connolly is an individual, a citizen of the State of New Jersey, and is amenable to service at the above-referenced address.

## JURISDICTION AND VENUE

11. The jurisdiction of this Court is based the existence of a federal question pursuant to

28 U.S.C. §1331.

12. Venue is proper in this District pursuant to 28 U.S.C. §1391(a)(1) and (2), insofar that several Defendants reside in this District, a significant portion of the unlawful acts and/or omissions occurred in this District, and the real property upon which Plaintiffs seek to impress a constructive trust is located within this District.

## FACTUAL BACKGROUND

13. At all times relevant hereto, Defendant Connolly Properties, Inc. was a real estate investment and management company which owned and operated approximately Three Thousand (3,000) residential apartment units located in the Commonwealth of Pennsylvania and the State of New Jersey, of which each respective apartment complex are owned by various entities and/or limited partnerships.

14. At all times relevant hereto, Defendant David Connolly and Defendant Connolly Properties, Inc., created, issued and provided to potential investors a prospectus for each investment property, with the intention of attracting investors for the acquisition, ownership, and operation of discreet and specific investment properties.

15. Defendant David Connolly and Defendant Connolly Properties, Inc. created a trust for each investment property of which investment was sought, by which investors could purchase shares. Each respective trust established would thereafter own an interest in a limited partnership which was to be created to purchase, control and manage said investment property. The funds of investors were to be held in escrow pending purchase of the specific investment property.

16. During 2008, Plaintiffs were individually solicited to invest with Defendant David Connolly and Defendant Connolly Properties, Inc. regarding the purchase of a 305 unit apartment complex located at 450 Forest Avenue, Norristown, Montgomery County, Pennsylvania, commonly known as "Marshall Woods", through the creation of an entity to be known as the Marshall Woods Trust.

17. The Marshall Woods Trust was to consist of approximately One Hundred Sixty Six (166) shares, of which One Hundred Sixty (160) were being offered for sale for a price of $50,000.00 per share.

18. During 2008, Plaintiffs tendered deposits to Defendant David Connolly and Defendant Connolly Properties, Inc. to purchase shares in the Marshall Woods Trust as follows:

- Plaintiffs Hugo & Mary Jane Rossi - Four (4) shares for $200,000.00;
- Plaintiff Lucia Rossi - One (1) share for $50,000.00;
- Plaintiff Maria Pirone - One (1) share for $50,000.00;
- Plaintiffs Antonio Matticoli and Luisa Matticoli - One (1) share of $50,000.00.

19. The Plaintiffs' deposits were to be held in escrow, and converted to shares upon the purchase of Marshall Woods.

20. Marshall Woods was never purchased by decision of Defendant David Connolly and Defendant Connolly Properties, Inc.

21. In April, 2009, Defendant David Connolly and Defendant Connolly Properties, Inc. disclosed that, in lieu of purchasing Marshall Woods, it would seek to purchase a 182 unit apartment complex located at 8590 New Falls Road, Levittown, Bucks County, Pennsylvania, commonly known as "Newport Village", through the creation of an entity called the Newport Village Trust.

22. On July 27, 2009, Plaintiffs Antonio Matticoli and Luisa Matticoli specifically advised Defendant David Connolly and Defendant Connolly Properties, Inc. that they no longer wished to involved in the investment, and directed the return of their funds held in escrow.

23. On July 31, 2009, Plaintiff Hugo Rossi specifically advised Defendant David Connolly and Defendant Connolly Properties, Inc. that he and his wife, Plaintiff Lucia Rossi, and Plaintiff Maria Pirone no longer wished to involved in the investment, and directed the return of their funds held in escrow.

24. On August 4, 2009, Defendant David Connolly and Defendant Connolly Properties, Inc. disclosed that Newport Village had been sold to a different entity, and that all funds would thereafter be utilized for a project known as "Hillside Valley", an unfinished residential apartment project located at 301-699 River Drive, Allentown, Lehigh County, Pennsylvania, in which Defendant David Connolly and Defendant Connolly Properties, Inc. owned a 10% interest.

25. On August 5, 2009, Plaintiff Hugo Rossi specifically advised Defendant David Connolly and Defendant Connolly Properties, Inc. that he and his wife, Plaintiff Lucia Rossi, and

Plaintiff Maria Pirone did not wish to invest in the Hillside Valley project, and again directed the return of their funds held in escrow.

26. On August 10, 2009, Plaintiffs Antonio Matticoli and Luisa Matticoli specifically advised Defendant David Connolly and Defendant Connolly Properties, Inc. that they did not wish to invest in the Hillside Valley project, and again directed the return of their funds held in escrow.

27. Despite Plaintiffs specific direction, their deposit funds were thereafter utilized by Defendant David Connolly and Defendant Connolly Properties, Inc., through Defendant Hillside Valley Trust, to purchase an additional ownership interest in Defendant Hillside Valley, LP, and to improve the unfinished residential apartments thereon.

28. Despite subsequent requests for the return of the deposit funds by the Plaintiffs thereafter, Defendant David Connolly and Defendant Connolly Properties, Inc. have failed to return the same.

## COUNT I

29. Plaintiffs incorporate paragraphs 1 - 28 as if set forth herein at length.

30. Defendant David Connolly and Defendant Connolly Properties, Inc., directly or indirectly, by use of means or instrumentalities of interstate commerce or of the mails, in connection with the purchase or sale of securities have knowingly or recklessly: (a) employed devices, schemes or artifices to defraud; (b) made untrue statements of material fact or omitted to state material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; and/or (c) engaged in acts, practices, and courses of business which have operated, are not operating, and will operate as fraud upon the purchasers of said securities.

31. Defendant David Connolly and Defendant Connolly Properties, Inc., represented to the Plaintiffs that the escrow funds would be utilized only for the purchase of shares in Marshall Woods, and would be returned if not so utilized.

32. Defendant David Connolly and Defendant Connolly Properties, Inc. knew that said representations made to the Plaintiffs were untrue at the time they were made, and thereafter utilized the Plaintiffs' escrowed funds for other purposes neither consented to nor authorized.

33. Plaintiffs relied upon said representations in tendering their deposits.

34. These unlawful acts/omissions of Defendant David Connolly and Defendant Connolly Properties, Inc., constituted a violation of §10(b) of the Exchange Act, 15 U.S.C. §78j(b), and Rule 10b-5, 17 C.F.R. §240, 10b-5.

35. As a result, Plaintiffs sustained damages.

## COUNT II

36. Plaintiffs incorporate paragraphs 1 - 35 as if set forth herein at length.

37. Defendant David Connolly and Defendant Connolly Properties, Inc., engaged in unlawful and fraudulent schemes, acts, practices and a course of conduct in connection with the offer and/or sale and/or distribution of securities to Plaintiffs within the State of New Jersey under N.J.S.A. 49:3-51, in contravention to N.J.S.A. 49:3-52(a), (b) and (c).

38. Moreover, Defendant David Connolly and Defendant Connolly Properties, Inc., made untrue statements of material fact and/or omitted material facts necessary to make their prior statements accurate, which were material to the transaction, and upon which the Plaintiffs relied.

39. As a result, Plaintiffs sustained damages.

## COUNT III

40. Plaintiffs incorporate paragraphs 1 - 39 as if set forth herein at length.

41. Plaintiffs, respectively, entered into an agreement with Defendant David Connolly and Defendant Connolly Properties, Inc., by which Plaintiffs tendered deposit funds to said Defendants to be held in escrow, and released at such time the purchase of Marshall Woods was completed, by which the Plaintiffs were to become shareholders, and receive periodic distributions and returns on their investments.

42. Plaintiffs fully performed in accordance with the agreement, and abided by their duties and obligations contained therein.

43. Defendant David Connolly and Defendant Connolly Properties, Inc. breached the agreement, by failing to return the Plaintiffs' deposit money upon termination of the Marshall Woods purchase, and utilizing said funds for other purposes.

44. As a result, Plaintiffs sustained damages.

## COUNT IV

45. Plaintiffs incorporate paragraphs 1 - 44 as if set forth herein at length.

46. Defendant David Connolly and Defendant Connolly Properties, Inc., represented to Plaintiffs that they would hold all investment funds tendered in an escrow account, to be disbursed only upon the consummation of the Marshall Woods purchase, and acted as the escrow agents on the transaction.

47. Defendant David Connolly and Defendant Connolly Properties, Inc., in their capacity as escrow agents, unlawfully disbursed the Plaintiffs deposit funds without their authority, and in wilful disregard of their rights, constituting a breach of escrow agreement as well as the fiduciary duty owed to the Plaintiffs.

48. As a result, Plaintiffs sustained damages.

## COUNT V

49. Plaintiffs incorporate paragraphs 1 - 48 as if set forth herein at length.

50. Defendant David Connolly and Defendant Connolly Properties, Inc., in their capacity as escrow agents, violated the New Jersey Consumer Fraud Act, N.J.S.A. 56:8-1, *et seq.*, insofar that the failure to return the Plaintiffs' deposits and knowing misappropriation of Plaintiffs' funds to their exclusive benefit constituted an unlawful practice.

51. As a result, Plaintiffs sustained an ascertainable loss, as well as damages.

## COUNT VI

52. Plaintiffs incorporate paragraphs 1 - 51 as if set forth herein at length.

53. Defendant David Connolly and Defendant Connolly Properties, Inc. never intended to hold Plaintiffs' deposit funds in escrow and return the same in the event that the Marshall Woods purchase was not completed.

54. Defendant David Connolly and Defendant Connolly Properties, Inc.'s representations to the Plaintiffs that the deposit funds would be held in escrow were knowingly false, and made with the intention that the Plaintiffs rely upon the same, constituting fraud.

55. As a result, Plaintiffs sustained damages.

## COUNT VII

56. Plaintiffs incorporate paragraphs 1 - 55 as if set forth herein at length.

57. As the Marshall Woods purchase was never completed, Defendants have been unjustly enriched through the disbursement to them of Plaintiffs' deposit funds.

58. The Defendants' retention of the value and benefit of the Plaintiffs' deposit funds would be inequitable and unjust.

59. As a result, Plaintiffs sustained damages.

## COUNT VIII

60. Plaintiffs incorporate paragraphs 1 - 59 as if set forth herein at length.

61. The diversion of the Plaintiffs deposit funds to Defendants Hillside Investment Trust, Hillside Valley, L.P., and/or Hillside Valley Management, LLC, constitutes unlawful conversion, as the deposit funds should have been returned to the Plaintiffs after the purchase of Marshall Woods did not transpire.

62. As a result, Plaintiffs sustained damages.

## COUNT IX

63. Plaintiffs incorporate paragraphs 1 - 62 as if set forth herein at length.

64. Defendant David Connolly and Defendant Connolly Properties, Inc., as pertaining to the offer and sale to the Plaintiffs, made false and/or misleading statements, and failed to disclose and/or concealed material facts, with the reasonably foreseeable knowledge that Plaintiffs would rely upon the same.

65. The negligent concealment and/or misrepresentations of Defendant David Connolly and Defendant Connolly Properties, Inc. resulted in the Plaintiffs tendering deposit funds which they would not have otherwise agreed upon.

66. As a result, Plaintiffs sustained damages.

## COUNT X

67. Plaintiffs incorporate paragraphs 1 - 66 as if set forth herein at length.

68. The Plaintiffs deposit monies was unlawfully appropriated and directed to Defendants Hillside Investment Trust, Hillside Valley, L.P., and/or Hillside Valley Management, LLC.

69. Plaintiffs' deposit money went directly to the erection of structures and other improvements to the real property known as 301-699 River Drive, Allentown, Lehigh County, parcel

identification number 640791459540-1, consisting of 15.9864 acres, which increased the value of the same. Moreover, while the interest is owned by a limited partnership, said funds also went towards reallocation of the interest in the real property.

70. Moreover, 301-699 River Drive, also known as Hillside Valley Apartments, which, at all relevant times hereto, was generating rental income. However, the Defendants have solely retained any and all benefits accruing therefrom, including, but not limited to, said rental income, appreciation of the value of the real property, and tax credits.

71. The imposition of a constructive trust upon the real property known as 301-699 River Drive, as well as all other property, real and personal, is necessary to avoid unjust enrichment.

## COUNT XI

72. Plaintiffs incorporate paragraphs 1 - 71 as if set forth herein at length.

73. Insofar that Defendant have asserted that Plaintiffs own interests in Hillside Investment Trust, Hillside Valley, LP, and/or Hillside Valley Management, LLC, Plaintiffs are entitled to an inspection of the books, records, balance sheets, by-laws, profit/loss/surplus statements, minutes of shareholder meetings, board committees and executive committees as per N.J.S.A. 14A:5-28 and/or 15 Pa.C.S. §1508.

74. Moreover, Plaintiffs are entitled to an accounting from all Defendants as to the investments of which the Plaintiffs' deposit funds have been utilized.

WHEREFORE, Plaintiffs Hugo Rossi and Mary Jane Rossi, h/w, Lucia Rossi, Maria Pirone & Antonio Matticoli and Luisa Matticoli, h/w, request judgment against the Defendants for: (a) compensatory damages; (b) punitive damages; (c) treble damages pursuant to the New Jersey Consumer Fraud Act; (d) an Order directing specific performance by the return of Plaintiffs' deposit funds; (e) an Order directing immediate production of books and records of Defendants, as well as an accounting from 2008 through the present; (f) impressing a constructive trust against all property owned by Defendants, specifically including 301-699 River Drive, Allentown, Lehigh County, parcel identification number 640791459540-1; (g) assessing attorney fees and costs against Defendants; and (h) any other relief deemed necessary and just.

RESPECTFULLY SUBMITTED,

LAW OFFICES OF STEVEN D. JANEL

BY: _____
Steven D. Janel, Esquire
Attorney for Plaintiffs

PA. I.D. No.: 73016
215 W. Bridge Street
P.O. Box 967
Morrisville, PA 19067-0967
(215) 295-8300
FAX (215) 295-8308
E-mail: attorneyjanel@comcast.net

Dated:  May 27, 2011